John Tod, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 34852. Promulgated May 20, 1930.

*H. A. Mihills, C. P. A.,* for the petitioner.
*A. H. Murray, Esq.,* for the respondent.

#### OPINION.

Morris: This proceeding is for the redetermination of a deficiency in income tax of $11,154.27 for the calendar year 1923.

While the pleadings set forth three separate issues, one was expressly waived by the petitioner and the remaining two relate to the single question of when certain dividends became unqualifiedly subject to his demand and, therefore, taxable within the meaning of section 201 (e) of the Revenue Act of 1921; that is, whether they are taxable in the year when checks therefor were placed in the mail for delivery to him, or in the following year when actually received.

The case was submitted upon the following stipulation of facts entered into between the parties:

1. Petitioner is an individual having his place of residence in the city of Youngstown, Ohio.

2. It has been the constant practice of petitioner to keep his own books of account and record on the basis of cash receipts and disbursements, and such practice was followed without deviation during the years 1922, 1923 and 1924, and subsequently.

3. Petitioner's Federal income tax returns have been uniformly prepared upon the basis of cash actually received or disbursed, and his Federal income tax return for the calendar year 1923 was rendered upon that basis.

4. Checks aggregating $52,243.75, and payable to petitioner for dividends on the preferred and common stocks of The Youngstown Sheet & Tube Company were placed in the United States Mail on the afternoon of December 31, 1923, in accordance with the Company's usual practice.

5. Said checks aggregating $52,243.75, payable to petitioner for dividends on preferred and common stock of The Youngstown Sheet & Tube Company, were received by him on January 2, 1924; said checks were not previously available to him for the purpose of cashing same; and in view of this circumstance the dividends represented in such checks were treated as income of the year 1924 on his books and Federal income tax return, excepting the amount of $150.00 hereinafter referred to.

6. The aforementioned checks aggregating $52,243.75, included a dividend check amounting to $150.00 assigned by W. L. Kauffman, a debtor to him, for the purpose of liquidating a then existing debt.

7. If the Board determines that the said dividends of $52,243.75 are income of the year 1924, then, and in that event, the net income of petitioner for the

calendar year 1923 is to be increased by the sum of $21,642.00, representing dividends received by petitioner from The Youngstown Sheet & Tube Company on January 2, 1923.

8. The dividends on the preferred and common stock of The Youngstown Sheet & Tube Company, of which the said sum of $52,243.75 is a part, were declared by The Youngstown Sheet & Tube Company during the calendar year 1923, and were payable as of December 31, 1923.

9. On December 31, 1923, The Youngstown Sheet & Tube Company had funds available for the payment of said dividends declared by it on its preferred and common stock during the calendar year 1923, payable as of December 31, 1923, of which said dividends the said sum of $52,243.75 is a part.

We are of the opinion that the interpretation of section 201 (e) of the Revenue Act of 1921, as expressed in *Commissioner* v. *Bingham*, 35 Fed. (2d) 503; 281 U. S. 729, is correct, and should be followed, and that the dividends here became unqualifiedly subject to the petitioner's demand in the year in which check or checks therefor were placed in the mail for delivery to him.

Reviewed by the Board.

*Decision will be entered under Rule 50.*